IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG HENRY, ) | |
| ) | Civil Action No. 05 - 648 |
| Plaintiff, ) | |
| ) | Judge David S. Cercone / |
| v. ) | Magistrate Judge Lisa Pupo |
| ) | Lenihan |
| HARRY E. WILSON, Superintendent; ) | |
| CAROL A. SCIRE, Grievance Coordinator; ) | Doc. Nos. 37 and 40 |
| MR. REID, BA-Unit Manager; MS. ) | |
| CLEVELAND, BA-Unit Counselor; MARY ) | |
| ANN MISTRIK, Hearing Examiner; MS. ) | |
| KERRI CROSS, Hearing Examiner; LAUREZ ) | |
| R. HARRY, Program Review Committee; ) | |
| BRADLEY NEWTON, Program Review ) | |
| Committee; PSYCHIATRIST SAAVEDRA, ) | |
| Medical Psychiatrist; STEVE BENKO, ) | |
| Program Review Committee, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court is Plaintiff's Motion to Compel Discovery (Doc. No. 37), which Defendants responded to on August 10, 2006 (Doc. No. 39). Also pending is Plaintiff's third Motion for Appointment of Counsel (Doc. No.40). The allegations of Plaintiff's Complaint are that he is being double celled despite requests to the contrary due to previous sexual assaults. He also alleges certain issues relative to the psychiatric treatment he has received while incarcerated.

In his Motion to Compel Plaintiff refers to a request dated July 3, 2006. Defendants aver that they do not have a request bearing this date, however, they did respond to a discovery request dated June 27, 2006. In their Response to the Motion Defendants attached voluminous documents that were provided to Plaintiff in response to his discovery. Unless Plaintiff has filed a different request than the one referenced, the Court finds that this production is satisfactory.

Plaintiff also requests his psychological records. Defendant asserts that those records cannot be provided as doing so would jeopardize the safety and security of other inmates and institution staff.

Regarding Plaintiff's Motion for Reconsideration of appointment of counsel, the Court acknowledges that the appointment would assist Plaintiff in this case, as it would assist every one of the pro se litigants filing civil rights based complaints. Unfortunately, there are very few attorneys qualified and willing to accept court appointments in these cases. In the case of Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), *cert. denied*, 510 U.S. 1196 (1994), the Court of Appeals for the Third Circuit identified standards to be considered by the district courts in exercising their discretion whether to "appoint"[1] counsel pursuant to 28 U.S.C. § 1915(d).[2]

The court recognized that there are significant practical restraints on the district court's ability to "appoint" counsel:

> the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation.

6 F.3d at 157. The court also recognized that there are many cases in which district courts seek to appoint counsel but there is simply none willing to accept appointment. The court stated:

> [T]he frequent unwillingness of lawyers to accept appointment in such cases is not only a function of the time pressures lawyers face in trying to earn a living in an increasingly competitive field, but also by circulating knowledge of the indignities that some lawyers have been subjected to by certain litigants, including verbal and written abuse, excessive demands and complaints, and malpractice

---

1. 28 U.S.C. § 1915(e) does not authorize the court to "appoint" counsel; it authorizes the court to "request" an attorney to represent a litigant unable to employ counsel.  *See* Mallard v. United States District Court, 490 U.S. 296 (1989).

2. In 1996, 28 U.S.C. § 1915 was amended by the Prison Litigation Reform Act, Pub. L. No. 104-134 (110 Stat. 1321) (enacted on April 26, 1996).  Former section 1915(d) was amended and codified as section 1915(e).

>suits.  We trust the district judges will be sensitive to such
>problems in making discretionary decisions in this area.

Id. at 157, n.7.

The court further recognized that volunteer lawyer time is extremely valuable and district courts should not request counsel under § 1915 indiscriminately:

>[v]olunteer lawyer time is a precious commodity . . . .  Because
>this resource is available in only limited quantity, every
>assignment of a volunteer lawyer to an undeserving client deprives
>society of a volunteer lawyer available for a deserving cause.  We
>cannot afford that waste.

Id. at 157.  Finally, the court emphasized that "appointment" of counsel remains a matter of discretion and the decision must be made on a case-by-case basis.

The Court of Appeals in Tabron identified standards to be considered by the district courts in exercising their discretion whether to "appoint" counsel pursuant to 28 U.S.C. § 1915(d)( now subsection (e)).  First, the Court must consider the merits of the plaintiff's claim.  It should not appoint counsel unless it appears that the claim has some merit in fact and law. Tabron, 6 F.3d at 155.  Other factors a court should consider include the plaintiff's ability to present his or her case; the plaintiff's education, literacy, prior work experience, prior litigation experience, ability to understand English; restraints placed upon him or her by confinement; whether the claim is truly substantial; the difficulty or complexity of the legal issues; the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation; the extent to which prisoners and others suffering confinement may face problems in pursuing their claims; whether the claims are likely to require extensive discovery and compliance with complex discovery rules; whether the case is likely to turn on credibility determinations; whether the case will require testimony from expert witnesses; and whether an indigent plaintiff could retain counsel on his or her own behalf.

As a pro se litigant plaintiff will have the benefit of <u>Haines v. Kerner</u>, 404 U.S. 519 (1972) and its progeny, which provides that courts must liberally construe pro se pleadings. Considering the severe shortage of attorneys with experience and knowledge in this area of the law, who are also willing to take these cases pro bono, it does not appear that this case merits a request by this court for counsel to represent him pursuant to 28 U.S.C. § 1915(e) at this point in the litigation. Should the case survive any dispositive motions and appear ready to proceed to trial, the Court may reconsider this request. Accordingly, plaintiff's motion for appointment of counsel shall be denied.

**AND NOW**, this <u>13th</u> day of September, 2006;

**IT IS HEREBY ORDERED** that plaintiff's Motion for Reconsideration of Appointment of Counsel is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel is **DENIED** in part and **GRANTED** in part. Defendant is ordered to provide a copy of Plaintiff's psychological file to the Court only, without docketing a copy or providing a copy to Plaintiff due to its security concerns. Defendant shall docket a notice of the fact that this file has been provided to the Court. The Court shall review the file in camera and determine whether any parts thereof may be provided to Plaintiff. The remainder of Plaintiff's Motion to Compel is **DENIED**.

**IT IS FURTHER ORDERED** that the parties are allowed ten (10) days from this date to appeal this order to a district judge pursuant to Rule 72.1.3(B) of the Local Rules for Magistrates. Failure to appeal within ten (10) days shall constitute waiver of the right to appeal.

<u>/s/Lisa Pupo Lenihan</u>
Lisa Pupo Lenihan
United States Magistrate Judge

cc: Craig Henry
AP - 7447
SCI Fayette
Box 9999
LaBelle, PA  15450-0999

Counsel of record.